## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT EARL RAMSEUR,<br>　　#53900-177,<br>　　　　MOVANT,<br> <br>V. <br> <br>UNITED STATES OF AMERICA,<br>　　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:23-CV-493-M-BK<br>(CRIMINAL NO. 3:19-CR-89-M-1) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Robert Earl Ramseur's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the motion should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

### I.    BACKGROUND

In 2019, Ramseur was convicted following a bench trial for failure to surrender for service of sentence and being a felon in possession of a firearm and, in 2020, was sentenced to 44 months' imprisonment. Crim. Doc. 66.[2] His conviction was affirmed on direct appeal on

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

[2] All "Crim. Doc." citations refer to the related criminal case: *United States v. Ramseur*, No. 3:19-CR-89-M-1 (N.D. Tex. Nov. 2, 2020).

June 21, 2021, Crim. Doc. 76, and on February 28, 2022, the United States Supreme Court

denied a petition for writ of certiorari, Crim. Doc. 78.

On March 1, 2023, Ramseur filed this § 2255 motion. Doc. 1. As the motion appeared

untimely, the Court directed Ramseur to respond regarding the application of the one-year

limitations period, which he has now done. Doc. 3 at 3; Doc. 4.

After a review of the relevant pleadings and law, the Court concludes that Ramseur's § 2255

motion is barred by the applicable limitations period and should be dismissed.

## II.    ANALYSIS

### A.  The § 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. §

2255. *See* 28 U.S.C. § 2255(f). Ramseur does not allege any facts that could trigger a starting

date under § 2255(f)(2)-(4), so the limitations period began to run when his judgment of

conviction became final. *See* § 2255(f)(1). So his conviction became final when the applicable

period for seeking direct review expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

Ramseur agrees his conviction became final on February 28, 2022, when the U.S.

Supreme Court denied his petition for writ of certiorari. Doc. 4 at 2; *see United States v.

Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *see also Rhines v. Weber*, 544 U.S. 269, 272 (2005)

(following same approach in a petition under 28 U.S.C. § 2254). Thus, under § 2255(f)(1),

Ramseur had one year, or until February 28, 2023, to file a timely § 2255 motion. His § 2255

motion, however, was not received and filed until March 1, 2023, one day late. Doc. 1 at 26.

Relying on the prisoner mailbox rule, Ramseur argues that he "mailed [his § 2255 motion] from

the U.S. Post Office on February 27, 2023, within the one year [sic] statute of limitation[s]."

Doc. 4 at 2.  But the "mailbox rule" does not apply because he was not then incarcerated.  *See*

*Brown v. Taylor*, 829 F.3d 365, 369-70 (5th Cir. 2016) ("When a litigant is not incarcerated . . .

the prison mailbox rule does not apply."); *see also* Rule 3(d) of the RULES GOVERNING SECTION

2255 PROCEEDINGS (extending the "mailbox rule" only to inmates who use the jail/prison's

"internal mailing system").  Ramseur was released to home confinement on January 18, 2023,

and he did not mail his § 2255 motion until over a month after his release.  Doc. 4 at 1-2; *see*

*Small v. Hottle*, No. 3:04-CV-0464-K, 2005 WL 2778563, at *1 n.2 (N.D. Tex. Oct. 24, 2005)

(declining to apply mailbox rule since petition was filed after the prisoner's release).

Therefore, Ramseur's § 2255 motion is time barred absent equitable tolling.

### B.  There is No Basis for Equitable Tolling

Ramseur posits no facts from which the Court can find that equitable tolling applies in

this case.  When prompted to explain why his § 2255 was untimely, Ramseur asserts simply:

"The 2255 motion is not barred" because he personally "mailed [it] from the U.S. Post Office . . .

within the one year statute of limitations."  Doc. 4 at 2.  A movant is entitled to equitable tolling

only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*,

560 U.S. 631, 649 (2010) (quotations and quoted case omitted).

Even when liberally construed, Ramseur's filings do not present due diligence and "rare

and exceptional circumstances" warranting equitable tolling.  First, Ramseur squandered the

entire one-year period.  He also mailed his § 2255 motion one day before the one-year

limitations period elapsed.  Leaving little margin for error, as Ramseur did, was not only

imprudent, but also plainly careless especially knowing of the looming one-year deadline.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010).  Under these circumstances, Ramseur fails to show "reasonable diligence" in pursuing his habeas rights during the one-year period.

Second, Ramseur fails to plead any "rare and exceptional circumstances."  Doc. 4 at 2. His mistaken reliance on the prisoner mailbox rule "was, at best, a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling." *United States v. Kirkham*, 367 F. App'x 539, 543 (5th Cir. 2010) (finding clerical error in mailing § 2255 motion to a state court rather than federal district court did not warrant equitable tolling).  And neither Ramseur's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Accordingly, Ramseur has not carried his burden of establishing that equitable tolling is warranted in this case.  *Petty*, 530 F.3d at 365.  His § 2255 motion should thus be dismissed.

### III.    CONCLUSION

For all these reasons, Ramseur's motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**SO RECOMMENDED** on April 24, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).